Reynaldo REYES, Plaintiff,

v.

David MATHEWS et al., Defendants.

Civ. A. No. 76–0685.

United States District Court, District of Columbia.

Sept. 27, 1976.

James W. Pressler, Jr., Gerald D. Stoltz, Washington, D. C., for plaintiff.

Hattie P. Baldwin, Dept. of Justice, Washington, D. C., Joseph Guerrieri, Jr., Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER ON RELIEF

GESELL, District Judge.

Plaintiff, a Mexican-American, has been in Government service for 21 years and is presently employed as a purchasing agent with the Out-Patient Clinic of the Public Health Service, a unit in the Department of Health, Education and Welfare. Prior to trial the parties stipulated that

Defendants were guilty of reprisal under 42 U.S.C. § 2000e et seq. following Plaintiff's initiation of a series of actions, including the filing of an EEO Complaint, the lodging of a HEW grievance and the submission of letters to his Congressman, calculated to seek relief from Defendant's failure to promote him due to alleged national origin discrimination.

No relief having been obtained administratively, plaintiff presses his reprisal claim before the Court, relying on the administrative record. The issue now before the Court is to determine what relief, if any, is appropriate under these circumstances. The reprisal, as demonstrated more fully by the administrative record, took the form of increased supervision, surveillance and unnecessary checking on plaintiff's activities, belittling and finding fault by his supervisor, and discouraging plaintiff's participation in the Department's mobility program.

Reprisal is a particularly vicious form of discrimination. 42 U.S.C. § 2000e et seq. Here the plaintiff's superior undertook to abuse and discourage him because he had sought in entirely proper fashion to protest conduct which he felt discriminating because of his national origin and adversely affected his career. While this reprisal situation persisted over a period of time, it has been ignored as far as relief is concerned on the strange theory that all can be forgotten because the offending supervising official is no longer employed by HEW. This will not do. The agency must be held responsible for the conduct of its agent even if that conduct was not condoned since it occurred strictly within the scope of his duties. Only in this fashion can the subtleties and *in terrorem* effect of reprisal against those who seek to vindicate constitutional and statutory rights be erased from the Government service as the Congress intended.

Plaintiff is entitled to relief. In this regard the Court has wide discretion. Plaintiff filed his EEO complaint on May 2, 1973. He is now receiving $13,254 per annum as a GS–7, Step 7. The relief shall take the following form:

(1) Plaintiff shall promptly be offered a choice of at least two professional positions in some other activity of HEW at the level of GS–9, Step 1 or above, requiring knowledge in the general area of sociology and the social sciences.

(2) Plaintiff shall be compensated from May 3, 1973, to the date of the proffer of

the new positions as provided above at the rate of GS–9, Step 1, retroactively, after credit for compensation actually received.

(3) Adverse material in plaintiff's file developed during the period since May 2, 1973, when reprisal was in effect shall not be referred to or utilized in any manner affecting plaintiff's future advancement.

■ Plaintiff shall have his costs and attorney's fees. Counsel for plaintiff shall file with the Clerk of Court and serve on defendants in affidavit form his claim for attorney's fees within two weeks from the date of service of this Order, and defendants shall present objections, if any, within two weeks of such service.

SO ORDERED.